**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10188 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00519-EJD-1 |
| v. | |
| JOHNNY RAY WOLFENBARGER, AKA John Wolfenbarger, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 3, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Defendant Johnny Ray Wolfenbarger appeals from his convictions for

attempted production of child pornography, attempted coercion and enticement of

minors, and receipt of child pornography. He makes two arguments: the district

court (1) violated his Sixth Amendment right to a public trial when, based on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

COVID-19 concerns, it barred in-person public access to his trial and limited the public to only audio access, and (2) erred in denying his motion to suppress evidence found in his Yahoo email account because Yahoo acted as a government agent when it conducted the search. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The government argues that Wolfenbarger waived appellate review of his Sixth Amendment claim because he never objected to the district court's proposal to bar in-person public access and allow only audio access. We need not address waiver because we agree with the government's alternative argument that the claim, if not waived, is subject to plain-error review (as Wolfenbarger concedes), and is foreclosed by *United States v. Hougen*, 76 F.4th 805 (9th Cir. 2023).

*Hougen* was decided after Wolfenbarger filed his opening brief, and is materially indistinguishable.[1] *Hougen*'s analysis of the fourth plain-error factor—whether the error "will seriously impugn the fairness, integrity, or public reputation of the court," *id.* at 811—is applicable here. Like the defendant in *Hougen*, Wolfenbarger has shown, at best, only "minimal . . . harm to the fairness of [his] trial" because he "offers no evidence that anyone was denied access to the trial,

---

[1] The government extensively relied on *Hougen* in its answering brief. In his reply brief, Wolfenbarger provides no response to the government's extensive arguments based on *Hougen*, and does not even cite the case.

that anything material (let alone any misconduct) occurred at trial that did not come through on the [audio] or transcripts, nor that the proceedings, or our review thereof, were affected at all by the lack of visual access." *Id*. at 812. Such minimal harm "is not likely as grave as the damage to fairness, integrity, and reputation that would be caused by vacating an otherwise fair conviction." *Id.*

2. Wolfenbarger concedes that his challenge to the denial of his motion to suppress is foreclosed by *United States v. Rosenow*, 50 F.4th 715 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 786 (2023). *Rosenow* was decided while this appeal was pending, and it involved the same investigation by Yahoo into Philippines webcam child pornography that Wolfenbarger challenges here. *Rosenow* addressed the same legal issue presented here: whether Yahoo was a government actor when it searched a user's account. *See id.* at 724. Wolfenbarger argues that *Rosenow* was wrongly decided. But as a three-judge panel, we are bound by *Rosenow*. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). We therefore reject Wolfenbarger's challenge.

**AFFIRMED.**

3